Famula v Kiewit-Weeks-Massman AJV

2026 NY Slip Op 03065

May 14, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Thomas Famula et al., Plaintiffs-Appellants,

v

Kiewit-Weeks-Massman AJV et al., Defendants-Respondents.

Decided and Entered: May 14, 2026

Index No. 31087/18|Appeal No. 6620|Case No. 2025-02482|

Before: Webber, J.P., González, Pitt-Burke, Higgitt, Hagler, JJ.

Fortunato & Fortunato, P.L.L.C., Brooklyn (Louis A. Badolato of counsel), for appellants.

Salmon, Ricchezza, Singer & Turchi LLP, New York (Ronald L. Daugherty of counsel), for respondents.

[*1]

Order, Supreme Court, Bronx County (Elizabeth A. Taylor, J.), entered March 13, 2025, which, to the extent appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing the Labor Law § 241(6) claim insofar as predicated on Industrial Code (12 NYCRR) §§ 23-1.7(e)(1) and (2), and 23-1.22(b)(1), (2) and (3), and denied plaintiffs' cross-motion for partial summary judgment on the same portions of that claim, unanimously affirmed, without costs.

The court properly found that the accident did not take place in a "passageway" within the meaning of Industrial Code § 23-1.7(e)(1) (see Quigley v Port Auth. of N.Y. & N.J., 168 AD3d 65, 67-68 [1st Dept 2018]). The evidence shows that plaintiff was walking on an outdoor deck that was temporarily constructed on the water to allow workers to demolish a bridge using heavy equipment such as cranes. Thus, the accident occurred in a "working area[ ]" under Industrial Code § 23-1.7(e)(2) (see Smith v Hines GS Props., Inc., 29 AD3d 433, 433 [1st Dept 2006]). However, the small, raised piece of square plywood over which plaintiff tripped, which was fastened to the deck's wood plank surface to cover a hole, was not "dirt," "debris," "scattered tools and materials," or a "sharp projection[ ]" as required by the provision (see Purcell v Metlife Inc., 108 AD3d 431, 432 [1st Dept 2013]; Dalanna v City of New York, 308 AD2d 400, 401 [1st Dept 2003]).

The court also properly found that Industrial Code § 23-1.22(b)(1), (2) and (3), which regulate the structural integrity of runways and ramps themselves, did not apply to the defect alleged here (see e.g. Purcell, 108 AD3d at 433). Furthermore, Industrial Code § 23-1.22(b)(2) concerns runways and ramps constructed for the use of "persons only."

Defendants' arguments that the Labor Law § 200 claim should be dismissed are not properly before this Court, as they have not filed a notice of appeal (see Ragoo v Port Auth. of N.Y. & N.J., 226 AD3d 444, 445 [1st Dept 2024]).

THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 14, 2026